United States District Court
Southern District of Texas
**ENTERED**
July 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX ADAMS, | § | CIVIL ACTION NO. |
| (TDCJ–CID #1181239) | § | 4:19–cv–4948 |
| Plaintiff, | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| LORIE DAVIS, et al, | § | |
| Defendants. | § | |

MEMORANDUM ON DISMISSAL

Alex Adams is an inmate of the Texas Department of Criminal Justice—Correctional Institutions Division. He proceeds *pro se* and *in forma pauperis*. His complaint is dismissed for failure to exhaust state remedies.

1. Background

Adams is an inmate of the Coffield Unit in Tennessee Colony, Texas, which is located within the Tyler Division of the Eastern District of Texas. He began this action in December 2019, alleging civil rights violations resulting from a denial of due process. His current complaint is filed under 42 USC § 1983 to challenge the validity of his current sentences. He sues Lorie Davis, Director of the TDCJ–CID; Kim Ogg, Harris County District Attorney; Randi Capone, Conviction Unit; and Keith Scatterwater, paralegal for Harris County District Attorney's Office.

Adams previously filed a federal petition in October 2018 seeking a writ of *habeas corpus* under 28 USC § 2254. See *Adams v Davis*, Dkt 1, Civil No. 4:18–CV–4205 (SD Tex). Judge Alfred Bennett there summarized the background and procedural history as follows:

> Adams was charged by indictment in Harris County Cause Numbers 878065 and 878066 with the offenses of capital murder and

attempted capital murder. The cases were tried separately. On October 23, 2002, Adams was convicted of capital murder and sentenced to life imprisonment. On July 9, 2003, Adams was convicted of attempted capital murder and sentenced to life imprisonment.

In April 2004, the Fourteenth Court of Appeals of Texas affirmed Adams's capital murder conviction on direct appeal. *Adams v. State,* No. 14-02-01115-CR, 2004 WL 907360 (Tex. App.—Houston [14th] 2004, pet. ref'd). Adams filed a petition for discretionary review, which the Texas Court of Criminal Appeals refused. *Adams v. State,* No. PD-423-04 (Tex. Crim. App. 2004). In October 2004, the Fourteenth Court of Appeals affirmed Adams's conviction for attempted capital murder. *Adams v. State,* No. 14-03-00832-CR, 2004 WL 2283604 (Tex. App.—Houston [14th] 2004, no pet'n). Adams did not file a petition for discretionary review.

In December 2012, Adams filed applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge each of his convictions. *Ex parte Adams,* Application Nos. WR-79,453-01; WR-79,453-02. In May 2013, the Court of Criminal Appeals denied both applications, without a written order or hearing, on the findings of the trial court. *Id.*

In February 2017, Adams filed his first federal habeas petition challenging his convictions for capital murder and attempted capital murder. *See Adams v. Davis,* Civil No. 4:17-cv-0576 (S.D. Tex. 2017). The petition was dismissed with prejudice as barred by the one-year statute of limitations.

> Adams now seeks further relief under
> § 2254. In his current petition, Adams alleges he
> is entitled to relief based on newly discovered
> DNA evidence which proves he is innocent.

Id, Dkt 20 at 1–2. Judge Bennett dismissed the petition for failure to exhaust available state-court remedies in September 2019.

Adams initiated this civil rights lawsuit three months later in December 2019. Dkt 1. He again alleges that a case report he received in 2017 from the Texas DNA Mixture Project clears him of all crimes. Adams asserts that this establishes a valid actual-innocence claim, entitling him to relief. Dkt 1 at 4. He asserts that he tried unsuccessfully to file an out-of-time petition for discretionary review in the Texas Court of Criminal Appeals. He states that he discovered his actual innocence claim in April 2017 when he received the case report. Dkt 6.

Adams seeks two things—his immediate release and an appeal bond.

### 2.   Legal standard

*Habeas corpus* petitions from prisoners proceeding *pro se* are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *Hernandez v Thaler*, 630 F3d 420, 426 (5th Cir 2011) (per curiam) (citations omitted). The Fifth Circuit approves the recharacterization of *pro se* prisoner complaints "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint." See *Solsona v Warden, FCI*, 821 F2d 1129, 1132 n 1 (5th Cir 1987).

In 2003, the Supreme Court noted that "recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." *Castro v United States*, 540 US 375, 377 (2003). It thus held that "*unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend the filing . . . a recharacterized motion will not count as a § 2255 motion for

3

purposes of applying § 2255's 'second or successive' provision." Ibid. (emphasis in original).

The same generally pertains to actions brought under § 2254 due to the similarity of the actions brought under both sections. For example, see *Hopes v Davis*, 2019 WL 654171, *2 (5th Cir) (unpublished) (district court properly recharacterized § 2241 petition as one under § 2254 because it challenged various aspects of his state criminal trial); *Propes v District Attorney Office*, 445 F Appx 766, 767, (5th Cir 2011) (unpublished) (district court properly construed § 2241 petition as one under § 2254 because it challenged validity of conviction).

3.   Analysis

An action under 42 USC § 1983 is generally the proper vehicle by which "to attack unconstitutional conditions of confinement and prison procedures." *Carson v Jacobson*, 112 F3d 818, 820 (5th Cir 1997), citing *Cook v Texas Department of Criminal Justice Transitional Planning Department*, 37 F3d 166, 168 (5th Cir 1994). A petition for a writ of *habeas corpus* is the vehicle by which "to seek release from custody." *Carson*, 112 F3d at 820, citing *Pugh v Parish of St Tammany*, 875 F2d 436, 439 (5th Cir 1989). This distinction matters because the type of pleading filed imposes different procedural requirements, applicable standards, and burdens on the parties.

Adams brings his complaint as a civil rights action under 42 USC § 1983. But he asserts at base that he was improperly charged and convicted in the Texas state courts of capital murder and attempted capital murder. He argues actual innocence, pointing to a case report from the Texas DNA Mixture Project that allegedly clears him of all crimes. The Court further construes these pleadings as asserting that he should be released without exhausting state court remedies.

By all this he challenges the validity of his convictions and present confinement—seeking relief available only by petition for a writ of *habeas corpus*. This warrants recharacterizing the complaint according to the essence of the claims presented and not simply by the statutory label Adams affixed to those claims.

A federal court may not grant *habeas corpus* relief under 28 USC § 2254 unless the petitioner "has exhausted the remedies

4

available in the courts of the State." 28 USC § 2254(b)(1)(A); *Fisher v Texas*, 169 F3d 295, 302 (5th Cir 1999). To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Bagwell v Dretke*, 372 F3d 748, 755 (5th Cir 2004), quoting *Anderson v Harless*, 459 US 4, 6 (1982). This requires a petitioner to present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. See *O'Sullivan v Boerckel*, 526 US 838, 844–45 (1999); *Richardson v Procunier*, 762 F2d 429, 432 (5th Cir 1985).

A prisoner in Texas may exhaust state court remedies by filing a direct appeal from a judgment of conviction, followed if necessary by a petition for discretionary review in the Texas Court of Criminal Appeals. See TRAP 68.1; TCCP art 11.07. A prisoner may also file an application for a writ of *habeas corpus* under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See TCCP art 11.07, § 3(c). Texas prisoners must typically exhaust state remedies "by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral" review under Article 11.07. *Busby v Dretke*, 359 F3d 708, 723 (5th Cir 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v Quarterman*, 454 F3d 484, 490 (5th Cir 2006) (citations omitted). Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 USC § 2254(b)(1)(B).

The pleadings and state court records show that the Court of Criminal Appeals has not yet had an opportunity to address the issues raised in this petition. And neither exception to the exhaustion requirement applies here. A state *habeas corpus* application under Article 11.07 is an available remedy for Texas prisoners challenging their convictions based on actual

innocence. Nothing at present suggests circumstances prevent Adams from availing himself of state processes by which to assert his rights.

4. Conclusion

The present challenge by Adams to his convictions for capital murder and attempted capital murder duplicate claims previously considered in Civil Action 4:18–CV–4205. Judge Bennett dismissed those claims for failure to exhaust. This Court does, too. Only after Adams exhausts available state court remedies may he attempt to challenge his allegedly illegal convictions in a federal petition under § 2254.

The complaint is DISMISSED WITHOUT PREJUDICE.

The motion to proceed *in forma pauperis* is GRANTED. Dkt 2.

The motions for summary judgment are construed as motions to supplement his complaint. They are GRANTED to that extent only. Dkts 6, 7.

The Court denies any other pending motions as moot.

SO ORDERED.

Signed on July 20, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge